617 So.2d 1137 (1993)
In the Interest of A.J.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3932.
District Court of Appeal of Florida, First District.
May 13, 1993.
Nancy A. Daniels, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Michelle A. Konig, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Juvenile appellant alleges that the trial court erred in denying a motion to suppress cocaine seized pursuant to a search conducted by a school resource officer employed by the Jefferson County Sheriff's Office. We hold that the officer did not have probable cause to conduct the search, and reverse.
On May 26, 1992, Officer William Massey, a school resource officer paid by the sheriff's office was passing by the principal's office at Howard Middle School. Massey noticed several students in the office, and the Principal, Pink Hightower, told the officer he wanted the students searched. According to Massey, the principal, who did not testify, said that he had received information that the students in the office were involved in drugs, and he wanted the officer to search them. A.J.M. *1138 jumped up and tried to leave the building, but Massey caught him and returned him to the office where he conducted a patdown search. The officer reached down inside of A.J.M.'s pocket and found what proved to be cocaine. The officer did not have any independent information to justify the search, and he did not conduct any investigation prior to the search. Massey conducted the search solely pursuant to the principal's request.
In New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), the United States Supreme Court recognized that the fourth amendment prohibition of unreasonable searches and seizures applies to searches of students by public school officials. Noting that what is reasonable depends on the context within which a search takes place, the court in New Jersey v. T.L.O. held that the warrant requirement was unsuited to the school environment and that school officials do not need probable cause to justify a search of a student as long as the official is not acting at the behest of the police. In reducing the level of suspicion needed to justify a search, T.L.O. held that the validity of such a search will depend upon the reasonableness under all the circumstances. Accord State v. D.T.W., 425 So.2d 1383 (Fla. 1st DCA 1983).
In fashioning this school exception to the probable cause requirement, the Supreme Court specifically noted that it was considering only those searches carried out by school officials acting alone and on their own authority, and it was not addressing the question of what standard would apply when a search is conducted by school officials in conjunction with or at the behest of the police. Id., 469 U.S. at 341 n. 7, 105 S.Ct. at 743 n. 7.
In M.J. v. State, 399 So.2d 996 (Fla. 1st DCA 1981), this court stated,
Where a law enforcement officer directs, participates or acquiesces in a search conducted by private parties, that search must comport with usual constitutional standards. Additionally, where a law enforcement officer directs, participates or acquiesces in a search conducted by school officials, the officer must have probable cause for that search, even though the school officials acting alone are treated ... to a lesser constitutional standard. .. .
Id. at 998 (citations omitted). While we are not unmindful that the facts in M.J. differ somewhat from the instant case in that the officer there actively participated in the investigation, we cannot ignore the legal test adopted by the court in M.J., which is whether the officer directed, participated in or acquiesced in the search. In the instant case, the officer actually conducted the search in question.[1] Under the dictates of M.J., supra, the appropriate test in determining the validity of the search was whether probable cause existed for the search.
In the instant case, the state chose to present no evidence from the principal concerning the details of the information he received on the students' involvement in drugs, any background on the problems which had been experienced at the school, or any problems associated with the particular students. All of these are factors which should be considered in determining the legality of the search. State v. D.T.W., 425 So.2d 1383 (Fla. 1st DCA 1983). Absent such evidence, it is impossible to determine whether probable cause or reasonable suspicion existed.
The adjudication of delinquency is reversed, and the case is remanded for the trial court to enter an order granting the motion to suppress.
ALLEN and KAHN, JJ., concur.
NOTES
[1] We would note that the state did not argue that the school resource officer was not an officer for the purpose of applying the probable cause standard. Evidently this issue was raised in F.P. v. State, 528 So.2d 1253 (Fla. 1st DCA 1988), but it was not resolved since that was unnecessary in light of the court's holding.